```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
KEVIN D. WOODLEY,
                               :
              Plaintiff,           REPORT & RECOMMENDATION
                               :
         -against-                 07 Civ. 1399 (BSJ)(MHD)
                               :
LEAH BRYANT, KELVIN BRYANT,
and KAZ RECORDS, INC.,         :

              Defendants.      :
------------------------------x
```

TO THE HONORABLE BARBARA S. JONES, U.S.D.J.:

Plaintiff Kevin D. Woodley commenced this pro se lawsuit by filing a multi-claim complaint on February 26, 2007. He subsequently filed affidavits of service reciting that he had served the individual defendants -- Leah Bryant and Kelvin Bryant -- on March 24, 2007. Plaintiff later filed a motion, dated April 16, 2007, seeking entry of a default judgment against defendants for failure to serve him with an answer or other response to the complaint. Defendants have opposed the motion. For the reasons that follow, we recommend that plaintiff's motion be denied.

There is no dispute that plaintiff served defendants on March 24, 2007. Under Rule 12 of the Federal Rules of Civil Procedure, defendants' response to the complaint was due by April 13, 2007. Fed. R. Civ. P. 12(a)(1)(A). Defendants in fact filed an answer with a counterclaim on that date. Moreover, defendants' former

1

counsel represents that he mailed a copy of that answer on April 12, 2007 to plaintiff at the address listed on the summonses and complaints served on defendants. (Aff. of Kendall A. Minter, Esq., sworn to May 18, 2007, at ¶¶ 4-5; see also Answer p. 43). Counsel also states that as of May 18, 2007 (approximately five weeks after the date that he mailed the answer to plaintiff), the Postal Service had not returned the envelope in which counsel had sent plaintiff the defendants' pleading. (Minter Aff. ¶ 6). Although plaintiff stated in a letter dated May 7, 2007 that he had not been served with a response, he has made no further representations regarding service and has not proffered any information or evidence contradicting defendants' evidence of mailing.

We therefore conclude that there is no basis for entry of a default against defendants. They timely filed their response to the complaint with this court. As for service, their mailing of a copy of the answer through the United States Postal Service -- a fact established without dispute on the record -- constitutes proper service. See Fed. R. Civ. P. 5(b)(1)-(2); see also, e.g., Greene v. WCI Holdings Corp., 136 F.3d 313, 315 (2d Cir. 1998). Given defendants' compliance with that requirement and the presumption of receipt that therefore applies, see, e.g., Lopes v. Gonzales, 468 F.3d 81, 85 (2d Cir. 2006); Meckel v. Cont'l Res. Co., 758 F.2d

811, 816-17 (2d Cir. 1985), the motion should be denied.[1]

## CONCLUSION

For the reasons noted, we recommend that plaintiff's motion for a default judgement be denied.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Barbara S. Jones, Room 620, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72,

---

[1] Even if plaintiff had established non-receipt, under these circumstances default would be wholly inappropriate. Indeed, defendants have appeared timely in the case and aggressively litigated it, including by filing a motion to dismiss, an application currently pending before the court. We also note that we conducted a status conference in this case on May 29, 2007, which Georgia-based counsel for defendants attended and at which plaintiff failed to appear. Moreover, we have since directed plaintiff to show cause why he should not be sanctioned for his non-appearance, and he has failed to respond although required to do so by June 11, 2007. (See Endorsed Order dated May 29, 2007).

3

6(a), 6(e); <u>Thomas v. Arn</u>, 470 U.S. 140 (1985); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

**Dated: New York, New York**
      **June 22, 2007**

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing Report and Recommendation have been mailed today to:

Mr. Kevin D. Woodley
448 West 19th Street
Suite 3D
New York, New York 10011

Alan S. Clarke, Esq,
Law Offices of Alan S. Clarke, LLC
3355 Lenox Road
Suite 750
Atlanta, Georgia 30326